**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANDI LI,

 Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

 Respondent.

No.   13-74304

Agency No. A201-057-044

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:   BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Sandi Li, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his applications for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").   We have jurisdiction

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies as to whether Li's family continued attending an unregistered church after his arrest, and on inconsistencies as to the issuance of a letter from Li's pastor in China and Li's notarial certificate of his birth. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). Li's explanations for these inconsistencies do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Li's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Li's CAT claim because it was based on the same evidence found not credible and the record does not otherwise compel the finding that it is more likely than not Li would be tortured if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**

13-74304